UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID RUNYAN | : | Case No. C-1-01-414 |
| Plaintiff, | : | (Judge Spiegel) |
| v. | : | **MOTION TO REOPEN SETTLEMENT** |
| HAROLD DON GABBARD, *et al.*, | : | |
| Defendants. | : | |

Now come Plaintiff and the Settlement Class, through their undersigned counsel, and respectfully request this Court to reopen the above matter for failure of Defendants to follow the Order of the Court (doc. 37, p. 7) requiring Defendants to "issue a check to each Class Member for the full amount paid into the 'pay-to-stay' program, *plus simple interest at the rate of ten (10%) per cent from the day of seizure of the funds* . . . ." (Emphasis added.) The Court is requested to order Defendants to calculate the overall amount of interest and to pay said amount to a *cy pres* recipient, The Legal Aid Society of Hamilton, Ohio.

The reasons why this motion should be granted are set forth in the accompanying memorandum.

Respectfully submitted,

/s/ *Stephen R. Felson*
Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000

Stephen R. Felson  (0038432)
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011
SteveF8953@aol.com

**MEMORANDUM**

On November 6, 2002, the Court signed an Order (doc. 37) finally approving the settlement between Plaintiff and Defendants.  On page seven of that Order, the Court set forth the requirement that Butler County pay "simple interest at the rate of ten (10%) per cent from the day of seizure of the funds . . . ."

Payouts were apparently completed in August of 2003.  Defendants subsequently supplied Class Counsel with a printout, a copy of which is attached hereto as Exhibit A, which makes it apparent, from the many checks written for exactly $30, and from many other checks for round numbers, that interest was not calculated as required.  From the check total on page 49 of Exhibit A, $63,846.37, and from the number of years involved, it is quite possible that the interest which should have been paid will exceed $10,000.  That money belongs to Class Members, but it is likely that the cost of sending additional small individual checks will not be economically feasible.  Class Counsel therefore suggest that the Court order a *cy pres* award in an amount equal to the interest omitted from the payouts, with that award to be paid to The Legal Aid Society of

Greater Cincinnati, 215 E. Ninth Street, Cincinnati, OH, 45202.  See *Superior Beverage Co., Inc. v. Owens-Illinois, Inc*., 827 F.Supp. 477 (N.D. Ill. 1993)

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen Settlement should be granted.

Respectfully submitted,

/s/ *Stephen R. Felson*
_____
Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 639-7000

Stephen R. Felson (0038432)
36 East 7th Street, Suite 1650
Cincinnati, Ohio 45202
(513) 721-2500
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Jack C. McGowan, 246 High Street, Hamilton, Ohio  45011

/s/ *Stephen R. Felson*